# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**JOEL HENRICHS**                                                                       **PLAINTIFF**

**v.**                                         **CASE NO: 1:25-CV-179-DMB-DAS**

**THE KANSAS CITY**
**SOUTHERN RAILWAY CO.**                                      **DEFENDANT**

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant The Kansas City Southern Railway Company d/b/a CPKC ("Defendant"), answers and responds to Plaintiff Joel Henrich's ("Plaintiff") Complaint as follows:

### THE PARTIES[1]

1. Defendant admits the allegations in Paragraph 1, upon information and belief.

2. Defendant admits the allegations in Paragraph 2.

### JURISDICTION AND VENUE

3. Defendant admits the Court has jurisdiction under the Age Discrimination in Employment Act ("ADEA"), but Defendant denies that Plaintiff has any valid claim under the statute cited.

4. Defendant admits the allegations in Paragraph 4, but denies Defendant engaged in any unlawful conduct.

### STATEMENT OF FACTS

5. Defendant admits the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

---

[1] Headings within Defendant's Answer are for organizational clarity only and do not constitute an admission of any kind.

7. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 7 and therefore denies the same.

8. Defendant denies the allegations in Paragraph 8.

9. Because Paragraph 9 relies on the accuracy of Paragraph 8, and Paragraph 8 is denied, Defendant also denies the allegations in Paragraph 9.

10. In response to Paragraph 10, Defendant admits that in or around April 2024, Plaintiff began the position of "Supervisor Track Inspection."

11. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 11 and therefore denies the same.

12. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 12 and therefore denies the same.

13. Defendant admits the allegations in Paragraph 13.

14. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 16 and therefore denies the same.

17. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 17 and therefore denies the same.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 19 and therefore denies the same.

20. Defendant denies the allegations in Paragraph 20.

21. Because Paragraph 21 relies on the accuracy of Paragraph 20, and Defendant denies the allegations in Paragraph 20 it also denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant is without sufficient information to admit or deny the allegations in Paragraph 24 and therefore denies the same.

25. Defendant is without sufficient information to admit or deny the allegations in Paragraph 25 and therefore denies the same.

26. In response to Paragraph 26, Defendant admits Mr. Short disciplined Plaintiff for driving a CPKC Vehicle on a public roadway, exceeding the speed limit, while operating a computer.

27. Defendant is without sufficient information or knowledge to admit or deny the allegations in Paragraph 27 and therefore denies the same.

28. Paragraph 28 contains a statement of contention, which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29 as they are refuted by Plaintiff's own admission in the disciplinary process.

30. In response to Paragraph 30, Defendant admits Mr. Short disciplined Plaintiff a second time in January 2025 for driving a CPKC Vehicle on a public roadway, exceeding the speed limit by 22 MPH.

31. Paragraph 31 contains a statement of contention, which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. In response to Paragraph 33, Defendant admits that following a discussion wherein Plaintiff admitted he "could not" meet the expectations of the Track Supervisor position, Mr. Short released Plaintiff from the Track Supervisor position and allowed Plaintiff to select a different position at CPKC.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits that in January 2025, Plaintiff sent a request to Mr. Short seeking to be considered for another position within CPKC. Defendant denies the remaining allegations in Paragraph 35.

36. In response to Paragraph 36, Defendant admits that Plaintiff was terminated from employment. Defendant denies the remaining allegations in Paragraph 36 and typographical errors further prevent Defendant from responding to these allegations.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

41. Paragraph 41 contains a statement of contention, which Defendant is not required to admit or deny. To the extent a response is required, Defendant denies the allegations in Paragraph 41.

42. Defendant is without sufficient information to admit or deny the allegation in Paragraph 42 and therefore denies the same.

43. Defendant is without sufficient information to admit or deny the allegation in Paragraph 43 and therefore denies the same.

44. Upon information and belief, in response to Paragraph 44, Defendant admits Plaintiff filed an EEOC Charge but denies engaging in any unlawful conduct.

## CAUSE OF ACTION
## COUNT I: VIOLATION OF THE ADEA—AGE DISCRIMINATION

45. Defendant incorporates its responses to the preceding paragraphs as if set forth fully herein.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

## PRAYER FOR RELIEF

Defendant denies all the allegations in the paragraph beginning with "**WHEREFORE**," including all discrete sub-parts, and denies that Plaintiff is entitled to any relief whatsoever.

## GENERAL DEFENSES

To the extent not expressly admitted herein, Defendant denies all allegations in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff Joe Henrichs' ("Plaintiff") burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative

or other defense, and thus expressly reserves its right to assert additional defenses should the precise nature of Plaintiff's claims become clear.

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination Plaintiff purportedly filed with the EEOC, or to the extent any claim which is required to be administratively exhausted was not the subject of a timely charge of discrimination with the EEOC.

3. Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to his race and/or age.

4. At all times, Defendant's actions were lawful, justified, and made in good faith.

5. To the extent Plaintiff proves that his protected class was a motivating factor in any employment decision or action affecting him, Defendant will show that the same decision would have been reached regardless of Plaintiff's protected characteristic(s).

6. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate his claimed damages. To the extent Plaintiff has mitigated his damages, Defendant is entitled to offset those amounts Plaintiff has earned.

7. Any claims for compensatory and punitive damages under the ADEA fail as such damages are not recoverable under the ADEA.

8. Any claims by Plaintiff for compensatory and punitive damages are subject to the applicable damage caps.

9. Without admitting any of the allegations in the Complaint, any back pay liability Defendant might otherwise have is eliminated and/or limited by after-acquired evidence of wrongdoing by Plaintiff that would have precluded his hire and/or justified his termination by Defendant had it previously been known to Defendant.

10. Plaintiff cannot establish age as a "but-for" cause of the challenged adverse employment action.

11. Plaintiff's claims may be barred by the doctrine of judicial estoppel, waiver, laches, and/or unclean hands.

12. If Plaintiff is able to show any discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed motive defense.

13. Defendant has in place a clear, effective, and well-disseminated policy against discrimination and a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. Plaintiff's claims are barred because (1) Defendant took reasonable steps to prevent and correct workplace discrimination; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff allegedly suffered.

14. Even if Plaintiff were able to prove a violation of the ADEA, which Defendant expressly denies, Plaintiff would not be entitled to liquidated damages under 29 U.S.C. § 626(b) because any such violation was not a willful violation. At all times relevant to this action, Defendant acted in good faith and had reasonable grounds for believing it did not violate the provisions of the ADEA.

15. Any injuries suffered by Plaintiff were caused by his own conduct and/or consent to the conduct set forth in the Complaint.

16. The Complaint sets forth claims that are frivolous, unreasonable, or without foundation, thus entitling Defendant to recover its attorney's fees associated with defending against such claims.

17. Defendant asserts the after-acquired evidence defense.

18. Defendant reserves the right to assert additional defenses as may be appropriate based on continuing investigation and discovery.

DATED: January 7, 2026.	Respectfully Submitted,

/s/ Natalie M. Lowry
Natalie M. Lowry (MSB #106492)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
6410 Poplar Avenue, Suite 300
International Place – Tower II
Memphis, TN 38119
Telephone: 901.767.6160
Facsimile: 901.767.7411
natalie.lowry@ogletreedeakins.com

Shelley I. Ericsson (*admitted pro hac vice*)
OGLETREE DEAKINS
700 West 47th Street, Suite 500
Kansas City, MO 64112
Telephone: 816.410.2222
Facsimile: 816.471.1303
shelley.ericsson@ogletree.com

*Attorneys for Defendant The Kansas City Southern Railway Co. d/b/a CPKC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th of January 2026, I electronically filed a true and correct copy of the foregoing *Defendant's Answer to Complaint* with the Clerk of the Court via the Court's ECF filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Natalie M. Lowry*
Natalie M. Lowry (MSB #106492)
*Attorney for Defendant – The Kansas City Southern Railway Co. d/b/a CPKC*